THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-72-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| JAMES ALTON WEST, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Defendant James Alton West ("Defendant") to withdraw his guilty plea as to count two of the indictment and to dismiss count two for failure to state an offense. [DE-66]. The Government has filed a response in opposition to Defendant's motion [DE-71], and Defendant has filed a reply [DE-72]. The motions are ripe for review and are referred to the undersigned and considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons set forth below, it is recommended that Defendant's motion be denied.

## I. BACKGROUND

On October 9, 2014, Defendant was named in a two-defendant, four-count indictment charging Defendant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); the use and carrying of a firearm during and in relation to a crime of violence and possession in furtherance thereof with the firearm being discharged, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (count two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three). [DE-1]. On February 12, 2015, Defendant pleaded guilty, pursuant to a written plea agreement [DE-37], to counts one and two of the indictment, with count three to be dismissed at sentencing. [DE-38].

Defendant's sentencing was set for the May 5, 2015 term of court [DE-41] and subsequently continued on motion, first to July 8, 2015 [DE-53] and then to September 15, 2015 [DE-63]. On September 11, 2015, Defendant filed the instant motion to withdraw his guilty plea to count two and to dismiss count two [DE-66], to which the Government filed a response in opposition [DE-71] and Defendant filed a reply [DE-72]. The court on motion continued Defendant's sentencing [DE-68] pending resolution of the instant motion.

## II. DISCUSSION

Defendant contends he should be permitted to withdraw his guilty plea to count two—the § 924(c) count for the use and carrying of a firearm during and in relation to a crime of violence—and the court should dismiss count two, because the predicate § 1951 Hobbs Act robbery offense in count one does not, as a matter of law, qualify as a "crime of violence." Def.'s Mot. [DE-66] at 3. Defendant specifically argues that Hobbs Act robbery fails to qualify as a "crime of violence" under either (1) § 924(c)(3)'s force clause, because the offense can be committed by putting one in fear of future injury to his person or property without the threat of "violent physical force" or the "intentional" threat of violent physical force, or (2) § 924(c)(3)'s residual clause, because it is unconstitutionally void for vagueness in light of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2251 (2015). *Id.* at 3-12; Def.'s Reply [DE-72] at 1-11. The Government contends that Hobbs Act robbery is a crime of violence under both the force and residual clauses of § 924(c)(3) and that *Johnson* does not render the residual clause unconstitutionally vague. Gov't's Resp. [DE-71] at 4-19.

"Under Fed. R. Crim. P. 32(d), a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (citing *United States v. Rios-Ortiz,* 830 F.2d 1067 (9th Cir. 1987)). "Rather, a defendant bears

2

the burden of demonstrating to the district court's satisfaction that a 'fair and just reason' supports his request to withdraw." *Id.* (citing Fed. R. Crim. P. 32(d); *United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir. 1989); *United States v. Haley,* 784 F.2d 1218, 1219 (4th Cir. 1986)). In determining whether a defendant may withdraw a guilty plea, the court considers factors including: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *Id.* Here, Defendant relies, first and foremost, on the second factor, his legal innocence, predicated upon his contention that count two of the indictment must be dismissed for failure to state a claim. Def.'s Mot. [DE-66] at 4-6. As explained below, Defendant's contention that count two fails to state a claim lacks merit and, thus, Defendant has failed to demonstrate "fair and just reason" to withdraw his guilty plea.

Section 924(c)(1) imposes a statutorily enhanced sentence if a defendant "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . ." 18 U.S.C. § 924(c)(1); *United States v. Mitchell,* 104 F.3d 649, 652 (4th Cir. 1997). A "crime of violence" for purposes of § 924(c) means

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C. § 924(c)(3). Subsection A, requiring "the use, attempted use, or threatened use of physical force against the person or property of another," is commonly referred to as the "force clause," while subsection B, requiring "a substantial risk that physical force against the person or property of another may be used," is known as the "residual clause." *See United States v. Naughton*, No. 13-4816, 2015 WL 5147399, at *7 (4th Cir. Sept. 2, 2015) (unpublished).

In *United States v. Fuertes*, the Fourth Circuit Court of Appeals recently explained the test for determining whether an offense qualifies as a "crime of violence" under either clause:

> [T]he court may (depending on the features of the applicable statute) employ the "categorical approach" or the "modified categorical approach." "[T]he modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps v. United States*, —U.S.—, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013). The categorical approach, by contrast, applies when the defendant was convicted of an offense under "an 'indivisible' statute—i.e., one not containing alternative elements." *Id.* at 2281.
>
> A statute is indivisible when "the jury need not agree on anything past the fact that the statute was violated." *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014). "Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Id.* Thus, "mere use of the disjunctive 'or' in the definition of a crime does not automatically render it divisible." *Omargharib v. Holder*, 775 F.3d 192, 194 (4th Cir. 2014). "Only when [the] law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative elements and not alternative means." *Rendon*, 764 F.3d at 1086 (emphasis in original). . . .
>
> Under the "categorical approach," the court "look[s] only to the fact of conviction and the statutory definition of the [ ] offense." *James v. United States*, 550 U.S. 192, 202, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007) (internal quotation marks omitted), *overruled on other grounds, Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, — L. Ed. 2d — (2015). The court does not consider the "particular facts disclosed by the record of conviction." *Id.* (internal quotation marks omitted). "The point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a crime of violence, but to

4

determine whether the defendant was in fact convicted of a crime that qualifies as a crime of violence." *United States v. Cabrera–Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (emphasis in original).

— F.3d —, 2015 WL 4910113, at *8 (4th Cir. 2015).

The predicate offense at issue here is Hobbs Act robbery, which under § 1951 has the following elements of proof: "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the 'wrongful use of actual or threatened force, violence or fear or under color of official right'; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015), *cert. denied*, — S. Ct. —, No. 14-10485, 2015 WL 3946842 (Oct. 5, 2015). Where the jury is not required to determine whether the defendant used actual or threatened force, violence or fear, or acted under color of official right, but rather where any of these alternative means can satisfy the second element, the categorical approach is appropriately applied. *See United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166, at *3 (E.D.N.C. Oct. 26, 2015) (unpublished) (applying the categorical approach to Hobbs Act robbery statute, because "it does not appear that the statute is divisible, as juries need not decide whether the defendant used actual force, threatened force, violence, fear, or acted under color of official right"). *But see United States v. Redmond*, No. 3:14-CR-00226-MOC, 2015 WL 5999317, at *3 (W.D.N.C. Oct. 13, 2015) (unpublished) (applying modified categorical approach to Hobbs Act robbery statute, because "the language of the statute sets forth one or more elements of the offense in the alternative").

This court has recently held in two cases that Hobbs Act robbery under 18 U.S.C. § 1951 is categorically a crime of violence under the § 924(c)(3)(A) force clause. *See Merinord*, 2015 WL 6457166, at *5 ("This Court, therefore, as have the other courts to consider this issue in the wake of *Johnson*, finds that Hobbs Act robbery contains as an element the actual, attempted, or

5

threatened use of physical force against the person of another and is a crime of violence under § 924(c)(3)(A)") (citing *United States v. Redmond*, No. 3:14-CR-226-MOC, 2015 WL 5999317 (W.D.N.C. Oct. 13, 2015) (unpublished); *United States v. Standberry*, — F. Supp. 3d —, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015); *United States v. Mackie*, No. 3:14-CR-183-MOC, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015) (unpublished))[1]; *United States v. Evans*, No. 5:15-CR-57-H, 2015 U.S. Dist. LEXIS 142477, at *15 (E.D.N.C. Oct. 20, 2015) (unpublished) ("Hobbs Act robbery under 18 U.S.C. § 1951 necessarily has as an element the "use, attempted use, or threatened use of physical force" and is, therefore, categorically a crime of violence under the force clause set forth in 18 U.S.C. § 924(c)(3)(A)."). As the court explained in *Evans*, "[t]o qualify as a crime of violence under the force clause, Hobbs Act robbery under 18 U.S.C. § 1951 must categorically have 'as an element the use, attempted use, or threatened use of physical force' against the person or property of another." 2015 U.S. Dist. LEXIS 142477, at *8 (quoting 18 U.S.C. § 924(c)(3)(A)). However, "[u]nless 'the most innocent conduct' proscribed by the statute qualifies as a crime of violence, . . . 18 U.S.C. § 1951 cannot be a predicate offense to justify a sentencing enhancement under 18 U.S.C. § 924(c)." *Id.* (quoting *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012)).

Here, Defendant argues that committing Hobbs Act robbery by means of placing someone in fear of injury does not require the use, attempted use, or threatened use of "violent force"[2] or the "intentional" threat of violent force. Def.'s Mot. [DE-66] at 6-12. Relying on the

---

[1] The court in *Redmond* and *Mackie* applied the modified categorical approach. *Redmond*, 2015 WL 5999317, at *3; *Mackie*, 2015 WL 5732554, at *3.

[2] The Supreme Court in *Johnson v. United States* defined "physical force" for purposes of 18 U.S.C. § 924(e)(2)(B)(i) "in the context of a statutory definition of 'violent felony,'" as "violent force--that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010) (citation omitted).

6

Fourth Circuit's decision in *Torres-Miguel*, Defendant suggests that the threat of any physical injury, even serious bodily injury or death, does not necessarily require the use of physical or violent force. *Id.* at 7. In *Torres-Miguel*, the court considered whether a conviction under California Penal Code § 422(a), which prohibits willfully threatening to commit a crime that will result in death or great bodily injury, constituted a crime of violence justifying a sentencing enhancement under the Guidelines § 2L1.2(b)(1)(A)(ii). 701 F.3d at 166-67. Under the applicable Guideline, a crime of violence was defined to include "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 168 (quoting U.S.S.G. § 2L1.2 cmt. n.1 (B)(iii)) (emphasis omitted). The court in holding that California Penal Code § 422(a) does not categorically constitute a crime of violence distinguished between "a use of force and a result of injury," reasoning that conduct involving a risk of injury does not necessarily involve a risk of the use of physical force. *Id.* at 169.

The holding in *Torres-Miguel* does not extend to the instant case. As the court in *Evans* explained, "[t]o place another person in 'fear of injury,' particularly in the context of a felony robbery statute, the offender must threaten to 'us[e] force capable of producing that result' - and this use of force fits the definition of 'physical force' or 'violent force' established in Johnson[, 559 U.S. 133 (2010)] and clarified by Justice Scalia in *Castleman*." 2015 U.S. Dist. LEXIS 142477, at *12; *see Merinord*, 2015 WL 6457166, at *4 ("The phrase 'fear of injury,' however, must be read in context with the other language in the statute," and "[a]n act or threatened act that engenders fear of injury necessarily implies force capable of causing physical pain or injury.") (citing *Johnson*, 559 U.S. at 139-40; *United States v. Castleman*, — U.S. —, 134 S. Ct. 1405, 1414-15 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)); *United States v. Hunter*, No.

7

2:12CR124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 23, 2015) (unpublished) (rejecting argument based on *Torres-Miguel* and holding that "robbery, in particular robbery accomplished with the use or display of a firearm, including Hobbs Act robbery, is unquestionably a crime of violence."); *Standberry*, 2015 WL 5920008, at *3 (rejecting argument based on *Torres-Miguel* that fear of injury does not rise to the requisite level of violent force, because the argument "discounts much of the operative language of 18 U.S.C. § 1951(b)(1)."). Likewise, it would be unreasonable to conclude that placing another in fear of injury does not require an element of intent. *See Merinord*, 2015 WL 6457166, at *4 ("The taking of personal property from another by fear of injury clearly entails a higher degree of intent than negligent, accidental, or reckless conduct."); *Standberry*, 2015 WL 5920008, at *4 (rejecting argument that fear of injury does not require an intentional threat as "envision[ing] a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury."). Accordingly, committing Hobbs Act robbery under § 1951 by means of placing someone in fear of injury satisfies the § 924(c)(3)(A) force clause and, therefore, is categorically a crime of violence. Having determined that Hobbs Act robbery under § 1951 qualifies as a crime of violence under the force clause, the court need not consider whether the § 924(c)(3)(B) residual clause survives *Johnson*.

### III. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that Defendant's motion to withdraw his guilty plea as to count two of the indictment and to dismiss count two for failure to state an offense [DE-66] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 24,**

8

Case 4:14-cr-00072-FL Document 73 Filed 11/10/15 Page 8 of 9

**2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 10th day of November 2015.

                                        Robert B. Jones, Jr.
                                        United States Magistrate Judge