IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CR-72-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ALTON WEST, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to withdraw his guilty plea as to count two of the indictment and to dismiss count two for failure to state an offense, pursuant to Federal Rules of Criminal Procedure 11(d)(2)(B) and 12(b)(3)(B)(v). (DE 66). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 73), wherein it is recommended that the court deny defendant's motion. Defendant timely filed objections to the M&R. (DE 76). The government's time for response has passed. For the reasons provided herein, the court rejects the M&R, construes defendant's objections as a renewed motion to dismiss on alternative grounds, and directs further briefing as set forth herein.

## BACKGROUND

The facts relevant to the instant motion may be summarized as follows. On October 9, 2014, defendant was indicted on three counts: 1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One"); 2) use and carrying of a firearm during and in relation to a crime of violence and possession in furtherance thereof with the firearm being discharged, and aiding and

abetting in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 2 ("Count Two"); and 3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924 ("Count Three"). On February 12, 2015, defendant pleaded guilty, pursuant to written plea agreement, to Counts One and Two. Count Three was to be dismissed at sentencing. On September 11, 2015, defendant filed the instant motion to withdraw his guilty plea to Count Two and to dismiss Count Two. The government responded to defendant's motion, and defendant replied. The magistrate judge issued an M&R on November 10, 2015, and defendant filed objections on December 4, 2015.

**COURT'S DISCUSSION**

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While defendant raises three objections to the M&R, the court need only take up the merits of the first. Defendant contends that the M&R failed to provide any analysis with respect to whether conspiracy to commit Hobbs Act robbery, the crime defendant was indicted for in Count One and subsequently has pleaded to, may be considered a crime of violence under § 924(c)(3). Defendant admits the briefing submitted with his motion concerned only whether Hobbs Act robbery, not conspiracy to commit such a robbery, was a crime of violence. (Obj. at 4, n. 1). The government's response also centered on Hobbs Act robbery rather than conspiracy. In light of the briefing, the magistrate judge formed his recommendation on whether Hobbs Act robbery was a crime of violence, without considering the distinction between conspiracy and the underlying felony. Because the magistrate judge determined Hobbs Act robbery categorically constituted a crime of

2

violence under § 924(c)(3)(A), he did not reach the issue of whether § 924(c)(3)(B) is constitutional after <u>Johnson v. United States</u>, __U.S.__. 135 S. Ct. 2551 (2015).

Defendant raised and briefed the distinction between conspiracy to commit and Hobbs Act robbery for the first time in his objections to the M&R. Although defendant contends the government suffers no prejudice from re-characterization of the issue, as the government was provided the opportunity to respond to defendant's objections, the court disagrees. The government does not have the same motivation to respond to a defendant's objections to an M&R that contains a favorable recommendation, as it does when confronted with the arguments in motion briefing. In the instant matter, the magistrate judge analyzed conspiracy to commit Hobbs Act robbery and the act of robbery as one in the same, in line with the parties' framing of the issue. Because of the parties' approach, the M&R is unresponsive to the issues now raised in this case. Accordingly, the court rejects the M&R, and directs further briefing on the issues raised in the objections to the M&R. The government is directed to file a response to the arguments raised in the objections within 21 days of the date of this order. Defendant may file a reply, if any, within 7 days thereof.

## CONCLUSION

Based on the foregoing, the court REJECTS the M&R. The government is DIRECTED to file a response to the arguments raised in the objections with **21 days** of the date of this order. Defendant may file a reply, if any, within **7 days** thereof.

SO ORDERED, this the 5th day of January, 2016.

LOUISE W. FLANAGAN
United States District Judge

3